UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIMBERLY THAMES,

    Plaintiff,               CASE NO. 16-CV-14130
                                   HON. GEORGE CARAM STEEH
v.

CITY OF WESTLAND, et al.,

    Defendants.
_____/

ORDER GRANTING PLAINTIFF'S MOTION FOR ENTRY OF
JUDGMENT AND REQUEST FOR EXPEDITED REVIEW (Doc. 55)

This 42 U.S.C. § 1983 suit arises out of Plaintiff Kimberly Thames' arrest when she was protesting outside an abortion clinic and her weekend detention at a City of Westland jail. Now before the court is Plaintiff Kimberly Thames' motion for entry of judgment and request for certification of interlocutory appeal pursuant to Federal Rule of Civil Procedure 54(b). For the reasons set forth below, Plaintiff's motion shall be GRANTED.

**I. Background**

Plaintiff brought her § 1983 suit against ten defendants. Three of the defendants, Northland Family Clinic, Inc., Renee Chelian, and Mary Guilbernat, were dismissed after Plaintiff accepted an offer of judgment. The remaining six defendants: the City of Westland, the Westland Chief of

Police, and four Westland officers involved in her arrest, brought a motion for summary judgment. The tenth defendant, the clinic's security guard, was named only as a John Doe defendant and was never identified or served by Plaintiff. Plaintiff also filed a cross-motion for partial summary judgment as to liability only. On April 20, 2018, the court granted in part and denied in part Defendants' motion for summary judgment. The court granted summary judgment in favor of the City of Westland and its Chief of Police, Jeff Jedrusik, finding no basis for municipal or supervisory liability. The court also dismissed the John Doe defendant. The court denied qualified immunity to the officers involved in the arrest, Jason Soulliere, John Gatti, Adam Tardif, and Sergeant Norman Brooks, as to Plaintiff's wrongful arrest claim. The court granted qualified immunity in favor of Officers Soulliere and Tardif on Plaintiff's retaliatory arrest and equal protection claims, but denied qualified immunity on these same claims as to Officer Gatti and Sergent Brooks. The court also denied Plaintiff's motion for partial summary judgment.

On May 18, 2018, the remaining Defendants filed an appeal of the denial of qualified immunity. Plaintiff filed a cross-appeal. Now before the court is Plaintiff's motion for entry of judgment in favor of City of Westland and Police Chief Jedrusik pursuant to Rule 54(b) so that Plaintiff can file an

immediate appeal of this final judgment, consolidating it with the appeal and cross-appeal currently pending in the Sixth Circuit.

## II. Standard of Law

A district court may certify an issue for interlocutory appeal prior to the ultimate disposition of a case pursuant to Federal Rule of Civil Procedure 54(b). *See Lowery v. Fed. Express Corp.*, 426 F.3d 817, 820-21 (6th Cir. 2005). Specifically, Rule 54(b) provides:

> **(b) Judgment on Multiple Claims or Involving Multiple Parties.** When an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

Fed. R. Civ. P. 54(b). When multiple parties are involved, as here, the court must first determine that it may enter final judgment as to one or more, but fewer than all the parties, and second, must determine that there is no just reason to delay appellate review. *Planned Parenthood Sw. Ohio Region v. DeWine*, 696 F.3d 490, 500 (6th Cir. 2012) (citing *Gen. Acquisition, Inc. v. GenCorp, Inc.,* 23 F.3d 1022, 1026 (6th Cir. 1994)).

## III. Analysis

Plaintiff has satisfied the court that it has met both prongs of the analysis. First, it is clear that the court has granted summary judgment in

favor of the City of Westland and Police Chief Jedrusik and dismissed them from the case. A "final judgment" may enter when a decision of the court is the "ultimate disposition" of one or more, but fewer than all, of the parties in a case. *Lowery*, 426 F.3d at 821. Because the court's April 20, 2018 order ultimately disposed of two or the original ten defendants, it is appropriate for the court to enter final judgment in favor of the City of Westland and Police Chief Jedrusik.

The court next considers whether it should find no just reason for delay and certify the dismissal of these Defendants for appellate review pursuant to Rule 54(b). In order to make this determination, the Sixth Circuit has identified a non-exhaustive list of five factors which the court must consider:

> (1) the relationship between the adjudicated and unadjudicated claims;
> (2) the possibility that the need for review might or might not be mooted by future developments in the district court;
> (3) the possibility that the reviewing court might be obliged to consider the same issue a second time;
> (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final;
> (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like. Depending upon the facts of the particular case, all or some of the above factors may bear upon the propriety of the trial

court's discretion in certifying a judgment as final under Rule 54(b).

*Planned Parenthood*, 696 F.3d at 503 (citing *Corrosioneering, Inc. v. Thyssen Envtl. Sys., Inc.*, 807 F.2d 1279, 1283 (6th Cir. 1986)). An analysis of these factors requires the conclusion that this is the exceptional case where Rule 54(b) certification is appropriate.

First, the court considers the relationship between the adjudicated and unadjudicated claims and finds that they are distinct. The § 1983 claims against the City of Westland involved municipal liability under *Monell*. The § 1983 claims against Police Chief Jedrusik involve questions of supervisory liability. In its order granting the City summary judgment, the court found that the City could not be liable for failure to train because Plaintiff failed to show any pattern of alleged similar constitutional violations and rejected Plaintiff's argument that the City could be liable under a ratification theory as there is no *respondeat superior* liability under *Monell* and Plaintiff failed to introduce any evidence that the City was the moving force behind her alleged harm. Similarly, in its order granting summary judgment in favor of Chief Jedrusik, the court held he could not be liable on the basis of *respondeat superior* and there was no evidence that he encouraged or participated in the alleged misconduct. This court's grant of summary judgment in favor of the City and Police Chief involved a separate

and distinct legal analysis of the alleged failure to train and supervisory liability claims.

Defendants oppose Rule 54(b) certification on the grounds, among others, that the Sixth Circuit is likely to find it lacks jurisdiction to hear Plaintiff's cross-appeal challenging the grant of qualified immunity as to Officers Souilliere and Tardif. Whether the Sixth Circuit allows Plaintiff's cross-appeal to go forward does not alter the court's conclusions here as the matter of whether final judgment should enter as to the City of Westland and Chief Jedrusik involves a separate and distinct inquiry.

Second, it is unlikely that future developments would moot the appellate review of claims against the municipality and the Chief of Police. The only remaining issues here involve whether there is sufficient evidence to find liability on the part of the four arresting officers. In fact, if the court were to deny certification, the court would create the potential need to have a second trial after appellate review of the remaining claims against the individual officers is complete. In other words, should the Court of Appeals reverse this court's grant of summary judgment in favor of the City of Westland and Chief Jedrusik following the trial of the individual officers, the court would have to retry the case involving the same parties, witnesses, and exhibits. In the interests of judicial economy, it is far more prudent to

allow appellate review of this court's order granting summary judgment for the City of Westland and Chief Jedrusik to go forward now.

Third, there is no possibility that the Court of Appeals would need to consider the same issues a second time as the claims against the municipality and the chief of police involve separate legal standards from the individual officers, and will not be addressed at the trial of the individual officers.  Fourth, there are no claims or counterclaims which could result in a set-off against the summary judgment in favor of the City of Westland and Chief Jedrusik.  Finally, consideration of other miscellaneous factors also supports the conclusion that Rule 54(b) certification is warranted.  This court's resources would be best served by ensuring that if and when this matter is tried, all parties and claims are tried at the same time.  Allowing only Defendants' interlocutory appeal of the denial of qualified immunity to go forward risks the possibility that this court will be required to preside over a second trial involving more Defendants and claims.  Since the Sixth Circuit already has jurisdiction over the arresting officers' appeal, allowing it to determine the scope of the trial beforehand reduces the likelihood of multiple trials.  Also, if the Sixth Circuit were to reverse this court's denial of qualified immunity, there would be no matter left to try, thus obviating the need for any trial.

In a similar case, *Ruiz-Bueno v. Scott*, 639 F. App'x 354, 357 (6th Cir. 2016), the Sixth Circuit agreed with the district court's determination that there was no just reason for delay and approved the lower court's Rule 54(b) certification in a § 1983 suit. In that case, the district court granted summary judgment in favor of fifty-one of fifty-three jail officials accused of Eighth Amendment violations, but denied qualified immunity to two jail deputies. *Id.* at 355. Those deputies filed an interlocutory appeal of the denial of qualified immunity. *Id.* The district court certified the remainder of its summary judgment order and the Sixth Circuit approved that decision. *Id.* at 357.

Also, in *Marcilis v. Redford Twp.*, No. 09-11624, 2011 WL 284466 (E.D. Mich. Jan. 25, 2011), the court faced nearly the identical issue. In that case, which also involved constitutional claims under § 1983, the court dismissed some claims and defendants based on qualified immunity, but allowed other claims, alleging violations of the knock and announce requirement, to go forward denying qualified immunity to defendant officers. *Id.* at *1-2. As was their right, some defendants filed an immediate appeal of the denial of qualified immunity. Plaintiff sought Rule 54(b) certification to allow it to seek review of the district court's order granting qualified immunity to some of the officers on some of the claims. *Id.* at *2. The

district court found certification was warranted in the interests of judicial economy because the Sixth Circuit would already be reviewing the same set of facts to decide defendants' appeal. *Id.* at *4. Also, the court found it was appropriate to allow the Court of Appeals to consider its entire opinion and order addressing defendants' motion for summary judgment in order to avoid having the Court of Appeals revisiting the same facts in a second appeal. *Id.* For the same reasons, interests of judicial economy warrant Rule 54(b) certification here of the dismissal of the City of Westland and Chief Jedrusik rather than risking a second trial involving the same parties and witnesses. Accordingly, Plaintiff's motion for entry of judgment and Rule 54(b) certification (Doc. 55) is GRANTED.

**IT IS SO ORDERED.**

Dated: June 18, 2018

> s/George Caram Steeh
> GEORGE CARAM STEEH
> UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on June 18, 2018, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk